UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| TYKEYIA HARMON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:16CV497-PPS |
| | ) | |
| HORIZON FINANCIAL MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Tykeyia Harmon has brought an employment discrimination case against her former employer, Horizon Financial Management. Her complaint contains five counts but the only one presently at issue is Count IV which is captioned "Retaliation Based on Religious Discrimination" under Title VII. [*Id*. at 9-10.] Horizon seeks the dismissal of Count IV because Harmon did not exhaust her administrative remedies before the EEOC as it relates to that count. [DE 12.]

Title VII requires that, before a lawsuit is filed, charges of discrimination be timely filed with the EEOC. 42 U.S.C. §2000e-5(e)(1). "The requirement that a plaintiff timely file an administrative charge with the EEOC serves two purposes: it promotes the prompt and less costly resolution of the dispute by settlement or conciliation and ensures timely notice to the employer of the grievance." *Porter v. New Age Services Corp.*, 463 Fed.Appx. 582, 584 (7th Cir. 2012), citing *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). The exhaustion requirement is not jurisdictional; it's a condition precedent to bringing an employment discrimination action to court. *Volovsek v. Wisconsin Dep't of*

*Agr., Trade & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003). Determining whether Harmon's retaliation claim is within the scope of her EEOC charge is a question of law. *Moore v. Vital Products, Inc.*, 641 F.3d 253, 257 (7th Cir. 2011).

The gist of Harman's claim in Count IV is that she was retaliated against for opposing a supervisor's religion-based harassment of a co-worker, Kim Kimberly. Kimberly is a Jehovah's Witness. Count IV alleges that Harmon was terminated by her supervisor, Graciela Biancardi, who associated Harmon with Kimberly's religious beliefs, and retaliated against Harmon for her complaints about Biancardi's treatment of Kimberly:

> The defendant engaged in illegal employment practices...by terminating Ms. Harmon one day after Kimberly complained about Biancardi's religious based harassment of her and her harassment of Harmon to defendant's Director of Operations and for previously defending Kimberly's right to adhere to her religious beliefs, thereby retaliating against her for engaging in protected activity.

[DE 1 at 10.]

In her Charge of Discrimination, Harmon checked only the box for discrimination based on race, and did not check the boxes for retaliation or discrimination on the basis of religion. [DE 18.] In its entirety, the facts provided in the charge read:

> I am Black. I was hired on 11/26/2012 as a Recovery Specialist. My last position was Team-Lead. My manager, Grace Biancardi is Hispanic. My performance and attendance was good.

2

> On 9/29/15 Mgr. Grace called me into the office and said that employees had accused me of telling them that they were going to get a whopping for asking stupid questions. I told her that I was joking.
>
> On 10/7/2015 Mgr. Grace terminated me for violating company policy. I am aware that Team-Lead, Suzanna Piskoluska (Non-black) received employee complaints for being rude and having a bad attitude. She was not disciplined or terminated. I am aware that Matthew Plummer (White) received employee complaints for not being approachable and having a bad attitude. He was not disciplined or terminated.
>
> I believe that I have been discriminated against because of my Race, in violation of Title VII of the Civil Rights Act of 1964 as amended[.]

[*Id.*]

"A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the earlier charges contained in the EEOC complaint.'" *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005), quoting *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). To determine whether the claim in Harmon's Count IV falls within the scope of her EEOC charge, "we look to whether the allegations are like or reasonably related to those contained in the EEOC complaint." *Ezell*, 400 F.3d at 1046. "Claims are reasonably related if there is a factual relationship between them," which at a minimum means "that the EEOC charge and complaint must describe the same conduct and implicate the same individuals." *Id.* (citations omitted); *see also Reynolds v. Tangherlini*, 737 F.3d 1093, 1100 (7th Cir. 2013).

Harmon's charge contains no references to her co-worker, Ms. Kimberly, nor do they reference anyone's religious practices or beliefs. There isn't so much as a whiff of a reference to the supervisor's harassment of Ms. Kimberly for being a Jehovah's Witness

3

and Harmon's complaint about the harassment. This is a problem because claims of retaliation, discrimination and harassment, even if all based on the same protected classification, "are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another." *Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003), citing *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). Therefore I readily conclude that Harmon's religion-based retaliation claim in Count IV does not fall within the scope of her EEOC charge alleging only race discrimination.

But this does not end the analysis, because Harmon raises two other points. First, Harmon represents that the EEO investigator who took her charge "told her that she could only file a charge based on one factor." [DE 22 at 2; *see also* DE 22-1 at ¶9.] Despite relating a narrative to the investigator that included Harmon's claims that her termination was based on her "association with Ms. Kimberly who was complaining about being discriminated against based on her religious beliefs," Harmon attests that the investigator typed the charge with only the allegations of race discrimination, and "[b]ased on the representation of the Investigator, that [she] could only choose one factor, [Harmon] signed the charge." [DE 22-1 at ¶¶8, 10.] Second, Harmon submits a statement that she provided to the EEOC in rebuttal to defendant Horizon's position paper, in which Harmon set out allegations about retaliation for her opposition to the supervisor's remarks about religion. [DE 22-1 at 4.]

4

Harmon's response to Horizon's motion cites these circumstances without appropriate legal analysis of their impact, instead citing two cases from other circuits when there are plenty of Seventh Circuit cases addressing the scope of an administrative charge of discrimination and when an exception to the administrative filing requirement might apply. Horizon argues that Harmon's rebuttal submission to the EEOC, filed separate from and later than the charge, cannot be considered to support her administrative filing requirement with respect to Count IV. In *Cheek*, the Seventh Circuit indicated that "[a]llegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations." *Cheek*, 31 F.3d at 502. There the Court of Appeals found that an affidavit *submitted with* the EEOC charge qualified for consideration. *Id*. But a more stringent standard was applied concerning allegations made in a letter sent to the EEOC separately and some time after the filing of the EEOC charge.

The Seventh Circuit said it would "accept [the letter], but only to the extent that [it] may be considered an amendment to the original charge within the meaning of 29 C.F.R. §1601.12(b)," which "allows a charge to be amended 'to clarify and amplify allegations made therein.'" *Id*. New allegations in the letter unrelated to those in the original charge were found to "exceed the permissible scope of an amendment to the original charge by expanding the allegations in the charge," and so were rejected. *Id*. at 503. Here, the complete dissimilarity between Harmon's race discrimination allegations in her charge and the religion and retaliation allegations made for the first time in the

later-submitted letter signify that the letter did not merely "clarify or amplify" the allegations of the charge. The rebuttal submission does not satisfy the administrative charge requirements for Count IV's claims of retaliation based on religious discrimination.

Harmon's claim that the EEOC investigator limited her charge to a single species of unlawful employment practice also fails to save Count IV from Horizon's motion to dismiss. The Court of Appeals rejected a similar argument in *Vela v. Village of Sauk Village*, 218 F.3d 661 (7th Cir. 2000). In *Vela*, the female police officer plaintiff argued that she had "orally informed the intake officer of the facts of her claim of sexual harassment, and that in directing her to cross out the reference to harassment on her intake form and by omitting the claim of harassment when he typed the charge, he misled her." *Id*. at 665. The Seventh Circuit held "that an oral charge, if made as she testified, not reflected in nor reasonably related to the charge actually filed, is not a sufficient predicate for a claim of sexual harassment in her civil action." *Id*.

Because Title VII requires that charges be in writing under oath or affirmation (§2000e-5(b)), the court concluded that "an oral statement to an agency representative" was inadequate, and "notice of such a statement cannot be expected to reach the employer." *Id*. *See also Greenwood v. United States Steel Corp.*, Cause No. 2:08-CV-32-PRC, 2010 WL 3522575 at *5 (N.D.Ind. Aug. 31, 2010) (rejecting claim of oral communication to EEOC intake coordinator not like or related to allegations in the written charge). For those same reasons, Harmon's claim that she complained to the

6

EEOC of religion-based retaliation, despite having signed a charge that entirely omitted such allegations, does not satisfy the statutory condition precedent for pursuing Count IV here.

**ACCORDINGLY:**

Defendant Horizon Financial Management's Motion to Dismiss Count IV of Plaintiff's Complaint [DE 12] is GRANTED. Count IV of plaintiff Tykeyia Harmon's complaint, a claim of retaliation based on religious discrimination, is DISMISSED. The case will proceed on Counts I, II, III and V.

**SO ORDERED**.

ENTERED: April 26, 2017

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**